# UNITED STATES DISTRICT COURT
## for the
### Southern District of Mississippi

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 19 2019
ARTHUR JOHNSTON
BY _____ DEPUTY

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Zenon Carbajal-Osorio | ) Case No. |
| | ) 1:19-mj-00072-JCG |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 17, 2019__ in the county of __Jackson__ in the
__Southern__ District of __MS, Southern Division__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a)(2) | Illegal Reentry by a Removed Alien |

This criminal complaint is based on these facts:

See Affidavit, which is attached and incorporated by reference herein.

☑ Continued on the attached sheet.

*Complainant's signature*

Lee Robinson, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 19, 2019

*Judge's signature*

City and state: Gulfport, MS     John C. Gargiulo, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

STATE OF MISSISSIPPI
COUNTY OF HARRISON
SOUTHERN DISTRICT OF MISSISSIPPI

I, Lee Robinson, being first duly sworn, hereby depose and say that:

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI), and have been so employed since on or about February 23, 2003. I have been trained specifically in the investigation and elements of federal crimes at the Federal Law Enforcement Training Center at Glynco, Georgia. I have approximately twenty-two years of experience as a police officer and criminal investigator.

2. This affidavit is being submitted in support of a complaint to charge Zenon CARBAJAL-OSORIO, with violating Title 8, United States Code, Section 1326(a)(2), Unlawful Reentry to the United States by a Deported or Removed Alien.

3. On or about July 17, 2019, your affiant received a complaint that CARBAJAL-OSORIO was physically present at the Jackson County Circuit Court, Jackson County Mississippi, after having previously been deported or removed from the United States. Jackson County is in the Southern Division of the Southern District of Mississippi.

4. Upon arriving at the Jackson County Circuit Court, your affiant made contact with Mr. CARBAJAL-OSORIO, who provided a Mexico passport as his means of identification. The passport contained CARBAJAL-OSORIO's name and date of birth, and a photograph. In the presence of his attorney, your affiant, and HSI Special Agent Jason Elder, questioned CARBAJAL-OSORIO regarding his legal status to reside in the United States. CARBAJAL-OSORIO did not deny being in the country without legal status and admitted to having been

previously removed from the United States to Mexico.

5. Utilizing a portable Department of Homeland Security fingerprint biometrics device, your affiant conducted a scan of CARBAJAL-OSORIO's index fingers, which returned a positive record for prior deportations or removals from the United States. Additionally, the biometrics device displayed a photograph taken of CARBAJAL-OSORIO during a prior encounter with immigration officials, which your affiant confirmed to be CARBAJAL-OSORIO.

6. According to information provided by the Law Enforcement Support Center, and the National Records Center, CARBAJAL-OSORIO had unlawfully entered the United States, and had been lawfully removed from the United States, on multiple occasions.

7. On or about December 5, 2007, Zenon CARBAJAL-OSORIO was encountered by Border Patrol Agents in or around Baton Rouge, Louisiana. It was determined that CARBAJAL-OSORIO had not been inspected or admitted by an Immigration Officer at a lawfully designated port of entry and that he was a citizen and national of Mexico with no legal right to enter or remain in the United States. Zenon CARBAJAL-OSORIO was granted a Voluntary Return to Mexico and he departed the United States through or near Hidalgo, Texas, on or about December 21, 2007.

8. On or about April 4, 2011, Zenon CARBAJAL-OSORIO was encountered by Immigration Enforcement Agents at the East Baton Rouge Parish Prison, having been arrested by local authorities for Domestic Abuse Battery. It was determined that CARBAJAL-OSORIO had not been inspected or admitted by an Immigration Officer at a lawfully designated port of entry and that he was a citizen and national of Mexico with no legal right to enter or remain in the United States. Zenon CARBAJAL-OSORIO was issued a Warrant of Removal/Deportation on or about November 1, 2011, and he was physically removed from the United States pursuant to the lawful removal order issued against him, on or about November 3, 2011, from or near Alexandria,

Louisiana through or near Hidalgo, Texas.

9. On or about October 18, 2012, Zenon CARBAJAL-OSORIO was again encountered by Border Patrol Agents in the Southern District of Texas. It was determined that CARBAJAL-OSORIO had not been inspected or admitted by an Immigration Officer at a lawfully designated port of entry and that he was a citizen and national of Mexico with no legal right to enter or remain in the United States. Zenon CARBAJAL-OSORIO was issued a Final Order to Reinstate his lawful removal order from 2011, and he was returned to his home nation of Mexico on or about October 19, 2012, at or near Laredo, Texas.

10. Finally, your affiant also determined that Zenon CARBAJAL-OSORIO has not received the consent or permission of the Attorney General of the United States, or of the Secretary of the Department of Homeland Security, to reenter the United States.

11. Based on the facts and circumstances as set forth above, there is probable cause to believe that Zenon CARBAJAL-OSORIO has committed a felony offense by violating Title 8, United States Code, Section 1326(a)(2), Unlawful Reentry to the United States by a Deported or Removed Alien.

Lee Robinson
Special Agent
Homeland Security Investigations
U.S. Department of Homeland Security

Sworn and subscribed before me this the 19th day of July, 2019.

UNITED STATES MAGISTRATE JUDGE